UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID R. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00636-JRS-MJD |
| | ) | |
| CHRIS COUCH Detective, | ) | |
| JOSHUA SCHERSCHEL Deputy | ) | |
| Prosecutor, | ) | |
| | ) | |
| Defendants. | ) | |

**Order of Dismissal**

## I.     Introduction

Plaintiff, David Young, proceeding pro se, filed his Complaint on April 12, 2023. (ECF No. 1.) Now before the Court is Plaintiff's Motion to Proceed In Forma Pauperis. (ECF No. 6.)

Plaintiff's Motion to Proceed In Forma Pauperis, (ECF No. 6), is **granted**. 28 U.S.C. § 1915. While in forma pauperis status allows Plaintiff to proceed without *pre*-payment of the filing fee, he remains liable for the full fees. *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able."). The filing fee for in forma pauperis litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $402 filing fee includes a $52 administrative fee, but that the administrative fee "does not apply to . . . persons granted in forma pauperis status under 28 U.S.C. § 1915"). Immediate payment is not required; however, the

$350 balance remains owing.  The Court must now screen the Complaint.  28 U.S.C. § 1915(e).

## II.    Legal Standard

Because Plaintiff has been given leave to proceed without prepayment of fees, the Court screens the complaint and "shall dismiss the case at any time" if, among other things, the Court determines that the action fails to state a claim upon which relief may be granted.  *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013).  The Court applies the same standard that it applies when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Id.* at 1027.  However, the pleading standards for plaintiffs without counsel are relaxed, and pro se complaints are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."  *Id.* at 1027–28 (quotation and citation omitted).  To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law."  *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## III.    The Complaint

Plaintiff's Complaint is a twenty-six page, single-spaced, stream of consciousness narrative that is excruciatingly detailed.  The Court was inclined to dismiss the

Complaint with leave to amend for not complying with the requirement that the pleading be "a short and plain statement." Fed. R. Civ. P. 8. However, because any amendment would be futile, the Court instead must dismiss the Complaint. A summary of Plaintiff's overall grievance follows.

Plaintiff's story begins in May of 2021. (ECF No. 1 at 7.) On May 15, Plaintiff allowed a woman he knew, named Marcy, and her boyfriend, Ralph, to stay with him at his home. (*Id.*) Shortly thereafter, Plaintiff realized that Ralph had serious anger issues (e.g., he smashed items in Plaintiff's home); therefore, he asked Ralph to leave. (*Id.*) On May 23, things took a turn for the worse. Plaintiff told Ralph and Marcy that they could stay "out back until morning." (*Id.* at 8.) At this point in the story, Plaintiff's friend, Curtis, had also arrived at Plaintiff's home. (*Id.*) Also, Ralph continued to send threatening messages to Plaintiff and displayed aggressive behavior toward him. (*Id.*) In the middle of the night, Plaintiff and Curtis awoke to find Ralph in the yard holding a lighter and a paint can filled with gasoline. (*Id.* at 9–10.) Ralph attempted to set Plaintiff's house on fire but was stopped by Plaintiff and Curtis who pushed Ralph away. (*Id.*) In the subsequent struggle, gasoline was thrown into Curtis's eyes and onto Plaintiff's entire body and Plaintiff was lit on fire. (*Id.*) Authorities were called, and Ralph was arrested. (*Id.*)

On May 28, Plaintiff woke up from a comatose state in a hospital with severe burns. (*Id.* at 10.) Ralph had been charged with aggravated assault; the police had taken a witness statement from Curtis. (*Id.*) The police never interviewed Plaintiff about his version of the events. Plaintiff contends that Curtis's statement was false,

tainted his reputation, and caused him to lose credibility with his family and friends; specifically, Curtis's statement portrayed Plaintiff as a "homewrecker" who got what he deserved. (*Id.* at 14.) Plaintiff then spends the next several pages discussing his dissatisfaction with the criminal investigation, his inability to be heard by the police or the prosecutor's office, and the overall impact this incident has had on his social circle and his mental health; he focuses on his inability to salvage his credibility and reputation because the prosecutor, Joshua Scherschel, and detective, Chris Couch, refused to hear his side of the story. (*See generally* 18–26.) Plaintiff was finally able to talk to Scherschel prior to Ralph's sentencing hearing and convince him that the case was missing key facts; this resulted in a continuance of the hearing. (*Id.* at 22–23.) However, when Plaintiff tried to provide a statement to the proper authorities, he was again ignored (mainly because Couch had now retired). (*Id.* at 25.) Because of this, the prosecution went ahead as planned.

Plaintiff now brings due process and equal protection claims against two defendants: (1) Joshua Scherschel, the deputy prosecutor who brought the charges against Ralph and (2) Chris Couch, the detective who investigated the incident in question. Simply put, Plaintiff alleges he was denied due process and equal protection of the law because he was not given an opportunity to provide his victim statement and testimony to the prosecutor or the detective despite several attempts to do so.

## IV.    Discussion

Plaintiff's alleged claims are potentially governed by 42 U.S.C. § 1983.  "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (citation omitted).  Here, while Plaintiff alleges general constitutional violations of due process and equal protection against state actors, his claims fail.

First, the deputy prosecutor, Scherschel, enjoys absolute immunity from liability under § 1983. *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties.").  All of Scherschel's decisions with which Plaintiff takes issue were made in furtherance of prosecutorial duties including: (1) bringing an aggravated assault charge instead of another, more severe charge; (2) choosing not to seek or use Plaintiff's testimony in Ralph's prosecution; (3) agreeing to Ralph's guilty plea; and (4) ultimately moving forward with the case when Plaintiff was unsuccessful in submitting his statement.  While the Court is sympathetic to Plaintiff's struggle in this process, his § 1983 claims against Scherschel are barred; the deputy prosecutor is absolutely immune from liability in this action. *See also Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (noting that the Constitution "does not require the states to prosecute persons accused of wrongdoing"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Second, Plaintiff has not pleaded any facts that suggest he was deprived of a constitutional right by the detective, Couch.  A § 1983 plaintiff "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction." *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015). Additionally, Couch's conduct did not deprive Plaintiff of his constitutional right to access the courts.  *Cf. id.* (noting that a constitutional violation may exist if the police investigation prevented the plaintiff from seeking meaningful legal redress).  Here, Plaintiff had (and still has)[1] the ability to purse state law tort claims against Ralph (perhaps, e.g., for assault, battery, and intentional infliction of emotional distress) and against any other appropriate individuals (perhaps, e.g., for defamation and/or slander).  Couch's alleged conduct during the investigation, namely, refusing to hear Plaintiff's statement on the incident in question, while possibly frustrating, does not rise to a constitutional violation that triggers § 1983 liability.

While leave to amend is typically given, "[d]istrict courts may deny leave to amend when such amendment would be futile." *Loja v. Main Street Acquisition Corp.*, 906 F.3d 680, 684–85 (7th Cir. 2018).  Such is the case here.  The Court has found no cognizable claim within Plaintiff's Complaint despite its immense detail.  Additional factual matter would not change the Court's conclusion.

Therefore, the Court dismisses Plaintiff's Complaint with prejudice.  *See Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993) ("[I]nvoluntary dismissal, including a

---

[1] The statute of limitations for a personal injury claim in Indiana is two years from the date of accrual. *Delacruz v. Wittig*, 42 N.E.3d 557, 559 (Ind. Ct. App. 2015).  Therefore, if Plaintiff chooses to pursue such a claim in state court, he must do so expeditiously because many of his claims accrued on May 23, 2021 (thus, giving him until May 23, 2023, to file suit).

dismissal for failure to state a claim . . . is an adjudication on the merits—in other words, a dismissal with prejudice.").

## V.    Conclusion

For the aforementioned reasons, Plaintiff's Motion to Proceed In Forma Pauperis, (ECF No. 6), is **granted**.   Upon screening Plaintiff's Complaint, (ECF No. 1), the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Because leave to amend would be futile, Plaintiff's Complaint is **dismissed with prejudice**.   If Plaintiff desires to seek redress in state court, he should do so immediately in light of the looming statute of limitations date.   Final judgment will issue separately.

**SO ORDERED**.

Date: 05/04/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David R. Young
1517 Chestnut St.
Columbus, IN 47201